```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                JACKSONVILLE DIVISION
```

Lise St. Cyr and Jacques St. Cyr,

        Plaintiffs,

v.    Case No.  3:06-cv-13-J-33TEM

Flying J Inc.,

        Defendant.

_____/

### ORDER

This cause comes before the Court pursuant to Plaintiffs' Motion in Limine Preventing Defendant from Eliciting any Expert Testimony from LaDon Richardson and/or Motion to Strike LaDon Richardson from Defendant's Expert Witness List (Doc. # 66), filed on June 25, 2007. Defendant Flying J Inc. filed its Response in Opposition to Plaintiffs' Motion in Limine/Motion to Strike LaDon Richardson from Defendant's Expert Witness List (Doc. # 70) on July 10, 2007. For the reasons that follow, this Court denies Plaintiffs' Motion in Limine Preventing Defendant from Eliciting any Expert Testimony from LaDon Richardson and/or Motion to Strike LaDon Richardson from Defendant's Expert Witness List. (Doc. # 66.)

**I.**  **Background**

Lise and Jacques St. Cyr are citizens of Quebec, Canada. (Doc. # 29.) In November 2003, while in Florida, the St. Cyrs visited a Flying J service station in St. Augustine, Florida to refill propane in their van. (Id.) The St. Cyrs contend that the Flying J negligently failed to dispense propane properly and that

as a result, an explosion occurred resulting in (1) damage to the St. Cyrs' van; and (2) personal injury to Lise St. Cyr. (Id.)  It is uncontested that the St. Cyrs drove the van back to Quebec in April of 2004 and, approximately one month thereafter, sold the van to a junkyard for scraps. (Doc. # 40 at 7.)

On February 8, 2005, the St. Cyrs filed their Complaint against Flying J in state court, and on January 5, 2006, Flying J removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. # 1.)  After successive motions to dismiss, the St. Cyrs filed their second amended complaint on August 24, 2006, alleging negligence (Counts I and II); strict liability (Counts III and IV); res ipsa loquitor (Counts V and VI); and, loss of consortium (Count VII).  (Doc. # 29 at 1-7.)

On February 8, 2007, Flying J filed a motion for summary judgment. (Doc. # 32.)  Flying J asserted that summary judgment in its favor was warranted due to the St. Cyrs' spoliation of the van, which Flying J contends is the primary piece of evidence in this case: "In essence, the destruction of the van has effectively thwarted Flying J's ability to prove that the cause of the subject fire was due to either the fault of the Plaintiff or to some other defective nature in the van itself, particularly the gas appliances inside the cabin." (Doc. # 32 at 4.)  The St. Cyrs filed a response in opposition to the motion for summary judgment on February 22, 2007. (Doc. # 40.)

After due deliberation and consideration of the parties' submissions, this Court found that spoliation of the van had occurred; however, this Court declined to enter summary judgment in favor of Flying J, deeming that an adverse inference jury instruction was a more appropriate sanction under the circumstances of this case. (Doc. # 61.)  As to spoliation, this Court specifically found: "the examination of the van itself is important evidence and is crucial to Flying J's ability to determine the cause of, or the factors possibly contributing to, the explosion and fire.  Since all of the elements have been met, ths Court finds that spoliation of evidence has occurred." (Doc. # 61 at 8.)

The St. Cyrs now contend in their motion in limine that Flying J should be prohibited from presenting the expert testimony of LaDon Richardson concerning the explosion that lies at the heart of this case.

## II. **Legal Standard**

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand

access to documentary evidence and is physically proximate to testifying witnesses and the jury.")

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment.  Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005)(citations omitted).  Further, the Eleventh Circuit has pronounced: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her] broad discretion and that the decision affected the substantial rights of the complaining party." Wood v. Morbark Indus., Inc., 70 F.3d 1201, 1206 (11th Cir. 1995).

The St. Cyrs assert that Flying J should be prohibited from eliciting testimony from LaDon Richardson because (1) his testimony would be cumulative of other Flying J experts; and (2) his testimony is prohibited pursuant to selected provisions of Florida Statute § 493.6100 et seq.  This Court will address each argument in turn.

**A.   Federal Rule of Evidence 403**

The St. Cyrs request that this Court prohibit Flying J from calling LaDon Richardson as an expert pursuant to Federal Rule of Evidence 403, because his testimony would be cumulative of other witnesses Flying J plans to call.  Federal Rule of Evidence 403

states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

This Court has reviewed Flying J's Amended Expert Witness Disclosure (Doc. # 66-4) and determines that the witnesses listed: (1) Hal Blanton; (2) Dennis Krouse; (3) Bruce Steinberg, M.D.; and (4) LaDon Richardson possess different qualifications and are available to be called upon by Flying J for different testimony.

### (1) **Hal Blanton**

Pursuant to Flying J's Amended Expert Witness Disclosure and response to the pending motion in limine, Hal Blanton is a fact witness in this case who performed an investigation of the incident.[1]  Hal Blanton is not one of Flying J's expert witnesses, and "Flying J has no intention of presenting Mr. Blanton as its own expert. . . . Flying J has listed Mr. Blanton on its expert witness list in an abundance of caution should any objection arise during his trial testimony as to the admissibility of conclusions he reached during his investigation." (Doc. # 70 at 3.)

---

[1] Flying J adds that "Mr. Blanton is a fact witness who conducted the initial fire investigation on behalf of the State of Florida immediately following the incident.  He is the only fact witness who performed an investigation of the scene during the time period in question (albeit a partial one due to the missing van)." (Doc. # 70 at 3.)

-5-

**(2) Dennis Krouse**

Flying J describes Dennis Krouse as follows within Flying J's Amended Expert Witness Disclosure: "Mr. Krouse is a certified Fire and Explosion Investigator. Mr. Krouse is expected to testify concerning LP Gas training and safety compliance in addition to causation issues relative to the subject incident." (Doc. # 66-4.)

**(3) Bruce Steinberg, M.D.**

Bruce Steinberg, M.D. is an orthopaedic surgeon. The St. Cyrs have not argued that LaDon Richardson's testimony will be cumulative of the testimony that Bruce Steinberg, M.D. will present.

**(4) LaDon Richardson**

Flying J discusses LaDon Richardson's qualifications and proposed testimony in its Amended Expert Witness Disclosure as follows:

> Mr. Richardson is a certified fire investigator who provides expert consultations relative to the cause and origin of fires and explosions. He is expected to testify concerning causation issues relative to the subject incident. His opinions are based on his background, training, experience and review of the pertinent records and documents pertaining to the subject incident.

(Doc. # 66-4)

As Hal Blanton is not one of Flying J's expert witnesses and is a fact witness, LaDon Richardson's testimony will not be cumulative of Hal Blanton's testimony. Further, Dennis Krouse will offer testimony concerning safety compliance and training as to LP

Gas, a subject quite distinct from LaDon Richardson's proposed topic of discussion: the cause and origin of fires and explosions. This Court realizes that both LaDon Richardson and Dennis Krouse are available to testify as to causation; however, Flying J submits that "[u]nless solicited by the Plaintiffs, Mr. Krouse will not testify as to his opinions concerning the cause and origin of the subject fire." (Doc. # 70 at 5.)  In addition, the qualifications of Dennis Krouse and LaDon Richardson are different.  Accordingly, this Court is not convinced that LaDon Richardson's testimony will be cumulative of other Flying J expert witnesses warranting exclusion under Federal Rule of Evidence 403.

### B.   Florida Statute § 493.6100

The St. Cyrs present the novel argument that Florida Statute § 493.6100, et seq. renders LaDon Richardson's proposed expert testimony unlawful because LaDon Richardson does not possess a Florida fire investigator's license.  The relevant sections of Florida Statute § 493.6100 et seq. are recited below:

> **493.6100 Legislative intent.**--The Legislature recognizes that the private security, investigative, and recovery industries are rapidly expanding fields that require regulation to ensure that the interests of the public will be adequately served and protected. The Legislature recognizes that untrained persons, unlicensed persons or businesses, or persons who are not of good moral character engaged in the private security, investigative, and recovery industries are a threat to the welfare of the public if placed in positions of trust. Regulation of licensed and unlicensed persons and businesses engaged in these fields is therefore deemed necessary.

**493.6101 Definitions.--**

(17) "Private investigation" means the investigation by a person or persons for the purpose of obtaining information with reference to any of the following matters:

...

(c) The credibility of witnesses or other persons.

...

(f) The causes and origin of, or responsibility for, fires, libels, slanders, losses, accidents, damage, or injuries to real or personal property.

**493.6118 Grounds for disciplinary action.**--

(1) The following constitute grounds for which disciplinary action specified in subsection (2) may be taken by the department against any licensee, agency, or applicant regulated by this chapter, or any unlicensed person engaged in activities regulated under this chapter.

...

(g) Conducting activities regulated under this chapter without a license or with a revoked or suspended license.

**493.6109 Reciprocity.**--

(1) The department may adopt rules for:

(a) Entering into reciprocal agreements with other states or territories of the United States for the purpose of licensing persons to perform activities regulated under this chapter who are currently licensed to perform similar services in the other states or territories; or

(b) Allowing a person who is licensed in another state or territory to perform similar services in this state, on a temporary and limited basis, without the need for licensure in state.

(2) The rules authorized in subsection (1) may be promulgated only if:

> (a) The other state or territory has requirements which are substantially similar to or greater than those established in this chapter.
>
> (b) The applicant has engaged in licensed activities for at least 1 year in the other state or territory with no disciplinary action against him or her.
>
> (c) The Commissioner of Agriculture or other appropriate authority of the other state or territory agrees to accept service of process for those licensees who are operating in this state on a temporary basis.

The St. Cyrs have not supplied a single case in support of their argument that LaDon Richardson's testimony is prohibited by the statutory provisions noted above, and Flying J has similarly provided comment on the intent behind the statute devoid of supporting authority.

This Court's independent research has yielded two non-binding state court cases addressing similar statutes involving a requirement that engineers be licensed in order to offer expert testimony concerning engineering matters.  In Thompson v. Gordon, 221 Ill. 2d 414, 429 (Ill. 2006), the Supreme Court of Illinois overruled a trial court's decision to strike an unlicensed expert engineer's expert report under the Illinois statute forbidding engineers to practice without a license: 225 Ill. Comp. Stat. Ann. 325/39(b)(4)(2002).  The Supreme Court of Illinois ruled that the lack of an Illinois engineering license was not a bar to expert testimony in a civil case, but was merely one factor, among others, to be considered in qualifying an expert. (Id.)

On the other hand, the Supreme Court of Alabama in <u>Board of Water and Sewer Commission of the City of Mobile v. Hunter</u>, 956 So. 2d 403 (Ala. 2006), overruled a trial court's determination that a statute requiring licensure as a prerequisite for engineers to offer expert testimony was unconstitutional.  The Supreme Court of Alabama ruled that "the legislature has established that the minimum level of expertise required to qualify as an expert on engineering matters within Alabama is the same level required to obtain a license in Alabama.  The legislature has the power to establish such standards." <u>Id.</u> at 421.

This Court determines that the approach taken by the Supreme Court of Illinois in <u>Thompson</u>, 221 Ill. 2d at 429 is appropriate under the circumstances of this case.  The St. Cyrs have moved to strike LaDon Richardson as a expert witness under Federal Rule of Evidence 403 and Florida Statute § 493.6100, and the St. Cyrs have not attacked the reliability of the foundation of LaDon Richardson's proposed testimony under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).[2]  Though <u>Daubert</u> is not yet an issue in this case, the Supreme Court's guidance as provided in <u>Daubert</u> and the related case of <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 141 (1999), concerning this Court's gatekeeper role

---

[2] In fact, Flying J asserts that the St. Cyrs have yet to depose LaDon Richardson.  Hence, the St. Cyrs are not yet fully apprised of the substance of LaDon Richardson's expert testimony or its foundation.

in evaluating the reliability of experts is relevant and instructive when it comes to this Court's present analysis. In Kumho Tire Co., the Court explained:

> Daubert's general holding-setting forth the trial judge's general "gatekeeping" obligation-applies not only to testimony based on "scientific" knowledge, but also to testimony based on "technical" and "other specialized" knowledge. A trial court may consider one or more of the more specific factors that Daubert mentioned when doing so will help determine that testimony's reliability. But, the test of reliability is "flexible," and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determinations.

(Id.)

This Court determines that it should be afforded appropriate flexibility, akin to the flexibility described in the Kumho case, in determining whether LaDon Richardson's expert testimony should be permitted despite the uncontested fact that he is not a licensed fire investigator in Florida.

Flying J submits that LaDon Richardson is a certified licensed fire investigator with the State of Texas and is also a certified fire investigator with the United States Treasury Department, the Bureau of Alcohol, Tobacco, and Firearms, the International Association of Arson Investigators, and the National Board of Fire Service Professional Qualifications. (Doc. # 70 at 3.) Furthermore, LaDon Richardson has been a member of the National Fire Protection Association for over twenty (20) years. (Doc. # 70

at 3.)  Accordingly, this Court will not prohibit Flying J from eliciting expert testimony from LaDon Richardson based on the single fact that he does not hold a Florida license under Florida Statute § 493.6100 et seq.

In addition, in this case, where the main piece of evidence has been destroyed, causing substantial prejudice to Flying J, the Court finds it appropriate to allow Flying J to present a number of expert witnesses with varying opinions and qualifications in an attempt to bolster their defense.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) Plaintiffs' Motion in Limine Preventing Defendant from Eliciting any Expert Testimony from LaDon Richardson and/or Motion to Strike LaDon Richardson from Defendant's Expert Witness List (Doc. # 66) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 20th day of August, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record