```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

LISE ST. CYR AND JACQUES ST. CYR,

        Plaintiffs,

v.                              Case No.  3:06-cv-13-J-33TEM

FLYING J INC.,

        Defendant.

_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs' Motion in Limine to Prevent Introduction of any Comments Allegedly Made by Plaintiff Jacques St. Cyr Concerning Opinions of Fault of Accident (Doc. # 77) filed on August 21, 2007. Defendant filed its response in opposition to Plaintiffs' motion in limine on August 27, 2007. (Doc. # 78.)  For the reasons that follow, this Court **DENIES** Plaintiffs' Motion in Limine.

**I.**    **Background**

Lise and Jacques St. Cyr are citizens of Quebec, Canada. (Doc. # 29.)  In November 2003, while in Florida, the St. Cyrs visited a Flying J service station in St. Augustine, Florida to refill propane in their van. (Id.)  The St. Cyrs contend that the Flying J negligently failed to dispense propane properly and that as a result, an explosion occurred resulting in (1) damage to the St. Cyrs' van; and (2) personal injury to Lise St. Cyr. (Id.)  It

is uncontested that the St. Cyrs drove the van back to Quebec in April of 2004 and, approximately one month thereafter, sold the van to a junkyard for scraps. (Doc. # 40 at 7.)

On February 8, 2005, the St. Cyrs filed their Complaint against Flying J in state court, and on January 5, 2006, Flying J removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. # 1.) After successive motions to dismiss, the St. Cyrs filed their second amended complaint on August 24, 2006, alleging negligence (Counts I and II); strict liability (Counts III and IV); <u>res ipsa loquitor</u> (Counts V and VI); and loss of consortium (Count VII). (Doc. # 29 at 1-7.)

On February 8, 2007, Flying J filed a motion for summary judgment. (Doc. # 32.) Flying J asserted that summary judgment in its favor was warranted due to the St. Cyrs' spoliation of the van, which Flying J contends is the primary piece of evidence in this case: "In essence, the destruction of the van has effectively thwarted Flying J's ability to prove that the cause of the subject fire was due to either the fault of the Plaintiff or to some other defective nature in the van itself, particularly the gas appliances inside the cabin." (Doc. # 32 at 4.) The St. Cyrs filed a response in opposition to the motion for summary judgment on February 22, 2007. (Doc. # 40.)

After due deliberation and consideration of the parties' submissions, this Court found that spoliation of the van had

occurred; however, this Court declined to enter summary judgment in favor of Flying J, deeming that an adverse inference jury instruction was a more appropriate sanction under the circumstances of this case. (Doc. # 61.)  As to spoliation, this Court specifically found: "the examination of the van itself is important evidence and is crucial to Flying J's ability to determine the cause of, or the factors possibly contributing to, the explosion and fire.  Since all of the elements have been met, ths Court finds that spoliation of evidence has occurred." (Doc. # 61 at 8.)

The St. Cyrs now contend in their motion in limine that certain statements of Jacques St. Cyr should be excluded as hearsay.

## II. **Legal Standard**

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.")

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment. Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005)(citations omitted). Further, the Eleventh Circuit has pronounced: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her] broad discretion and that the decision affected the substantial rights of the complaining party." Wood v. Morbark Indus., Inc., 70 F.3d 1201, 1206 (11th Cir. 1995).

## III. Analysis

During the respective depositions of Jeff McGuire and Tom Gailiot, two Flying J employees, both Mr. McGuire and Mr. Gailiot testified that Jacques St. Cyr made several statements of opinion concerning Flying J. According to Mr. Gailiot, Jacques St. Cyr stated that, in his opinion, the accident was not the fault of Flying J and that the Flying J's employee that dispensed the propane did nothing wrong.

Specifically, on July 19, 2007, Mr. Gailiot testified as follows:

> Q:   What do you recall about the incident?
> . . .
>
> A:   I met with Mr. Cyr in the plaza, talked to him a little bit. He had commented to me that our employee did nothing wrong and --

> Q: Was there anyone with you during this conversation with Mr. St. Cyr?
> . . .
> A: Jeff McGuire was there.
> Q: Okay. Did you have any difficulty communicating with Mr. St. Cyr?
> A: No.
> Q: But you vividly recall him saying that our clerk had did [sic] nothing wrong?
> A: Yes, I do.

(Doc. # 88-4 at 1.)

In addition, on July 19, 2007, Mr. McQuire testified as follows:

> Q: At any point, did you have any conversion with [the St. Cyrs]?
> A: The gentlemen, I did.
> Q: Do you recall what the gentlemen looked like?
> A: Shorter than I am, grey hair, wears glasses, has an accent.
> . . .
> Q: And what type of conversation was exchanged at that time?
> A: Asked him if he was okay. He said that he did not feel like it was Flying J's fault that this happened.
> Q: Do you recall the precise words he used?
> A: He told me–he said it wasn't our–it wasn't their fault. The exact words, I don't recall, other than it's written down on the paperwork that he said it wasn't our fault–or their fault.
> Q: Flying J's fault?
> A: Yeah. Flying J's fault.
> Q: Okay. And is there anything else that–
> A: He also told me that he could have left something on inside of his van–refrigerator, water heater, whatever. He could have left it on.

(Doc. # 88-3 at 2-4.)

Plaintiffs seek an order of this Court excluding statements of Jacques St. Cyr expressing his opinion that Flying J and its employee were not to blame for the fire at the heart of this case.

-5-

The St. Cyrs present several fruitless arguments in the motion in limine, including the argument that Jacques St. Cyr "is an elderly citizen of Quebec Canada, who does not speak English" (Doc. # 77 at 1.)  Further, the St. Cyrs argue that Jacques St. Cyr does not recall making the statements in question.

With respect to these arguments, the trier of fact will judge Jacques St. Cyr's credibility to the extent he denies making the statements or indicates that he does not remember making the statements.  In addition, this Court is in no position to exclude the statements on the basis of Jacques St. Cyr's age or national origin.

The St. Cyrs also submit that the statements of Jacques St. Cyr, as recalled by Mr. McGuire and Mr. Gailiot, are hearsay. However, this Court determines that the statements at issue are not hearsay because they are statements by a party opponent as defined in Federal Rule of Evidence 801(d)(2)(A): "The statement is offered against a party and is the party's own statement in either an individual or representative capacity."  Accordingly, this Court will not exclude the statements as hearsay.

The St. Cyrs further argue that this Court should employ Federal Rule of Evidence 403 to exclude the statements of Jacques St. Cyr because Jacques St. Cyr is not an expert with respect to dispensing propane, and therefore the probative value of his statements concerning the cause of the fire or allocation of

"fault" are outweighed by the prejudice Plaintiffs will suffer if such statements are revealed to the jury.  Federal Rule of Evidence 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The Eleventh Circuit has instructed that Federal Rule of Evidence 403 should be applied to exclude relevant evidence in very limited circumstances:

> Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403.  Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing.  Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its probative force.

United States v. Sawyer, 799 F.2d 1494, 1506 (11th Cir. 1986)(emphasis in original).

Flying J correctly points out that Jacques St. Cyr is one of very few people who observed the incident in this case on a first-hand basis. Jacques St. Cyr was in close proximity to the Flying J employee who attempted to refill the propane, and Jacques St. Cyr made his statement that the employee had done nothing wrong after observing the employee's actions both before and after the fire erupted.  The jury will have the opportunity to learn that Jacques

St. Cyr is not an expert as to dispensing propane, and with this information, will be able to qualify Jacques St. Cyr's statements concerning the conduct of the Flying J through its employee.

Accordingly, Jacques St. Cyr's statements of opinion, as described in this motion, are relevant, probative, and would not be substantially outweighed by the danger of unfair prejudice, or other considerations as described in Federal Rule of Evidence 403.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) Plaintiffs' Motion in Limine to Prevent Introduction of any Comments Allegedly Made by Plaintiff Jacques St. Cyr Concerning Opinions of Fault of Accident (Doc. # 77) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida, this 30th day of August, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record