UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LISE ST. CYR AND JACQUES ST. CYR,

          Plaintiffs,

v.                                    Case No.  3:06-cv-13-J-33TEM

FLYING J INC.,

          Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiffs'
Motion in Limine Preventing Defendant from Introducing Evidence
Describing this Incident as an 'Act of G*D' (Doc. # 67) filed on
June 25, 2007.  Flying J filed its response in opposition to
Plaintiffs' motion in limine on August 27, 2007. (Doc. # 78.)  For
the reasons that follow, this Court **DENIES** Plaintiffs' Motion in
Limine without prejudice.

**I.   Background**

    Lise and Jacques St. Cyr are citizens of Quebec, Canada.
(Doc. # 29.) In November 2003, while in Florida, the St. Cyrs
visited a Flying J service station in St. Augustine, Florida to
refill propane in their van.  Id.  The St. Cyrs contend that the
Flying J negligently failed to dispense propane properly and that
as a result, an explosion occurred resulting in (1) damage to the
St. Cyrs' van; and (2) personal injury to Lise St. Cyr. Id.  It is
uncontested that the St. Cyrs drove the van back to Quebec in April

of 2004 and, approximately one month thereafter, sold the van to a junkyard for scraps. (Doc. # 40 at 7.)

On February 8, 2005, the St. Cyrs filed their Complaint against Flying J in state court, and on January 5, 2006, Flying J removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. # 1.)  After successive motions to dismiss, the St. Cyrs filed their second amended complaint on August 24, 2006, alleging negligence (Counts I and II); strict liability (Counts III and IV); res ipsa loquitor (Counts V and VI); and, loss of consortium (Count VII).  (Doc. # 29 at 1-7.)

On February 8, 2007, Flying J filed a motion for summary judgment. (Doc. # 32.)  Flying J asserted that summary judgment in its favor was warranted due to the St. Cyrs' spoliation of the van, which Flying J contends is the primary piece of evidence in this case: "In essence, the destruction of the van has effectively thwarted Flying J's ability to prove that the cause of the subject fire was due to either the fault of the Plaintiff or to some other defective nature in the van itself, particularly the gas appliances inside the cabin." (Doc. # 32 at 4.)  The St. Cyrs filed a response in opposition to the motion for summary judgment on February 22, 2007. (Doc. # 40.)

After due deliberation and consideration of the parties' submissions, this Court found that spoliation of the van had occurred; however, this Court declined to enter summary judgment in

favor of Flying J, deeming that an adverse inference jury instruction was a more appropriate sanction under the circumstances of this case. (Doc. # 61.)  As to spoliation, this Court specifically found: "the examination of the van itself is important evidence and is crucial to Flying J's ability to determine the cause of, or the factors possibly contributing to, the explosion and fire.  Since all of the elements have been met, ths Court finds that spoliation of evidence has occurred." (Doc. # 61 at 8.)

The St. Cyrs now contend in their motion in limine that any opinions from the St. Johns County firefighters as to the causation of the fire, either through reports or through other testimony, should be excluded from evidence. (Doc. # 67 at 1.)  Flying J counters that the opinions of the St. Johns County firefighters that the accident was an act of God and/or nature or was caused by static electrical discharge should be considered as a viable cause of the incident due to the fact that the van was destroyed, thereby eclipsing the possibility of definitively proving the cause of the incident.  The Court will address the parties' arguments in turn.

## II. <u>Legal Standard</u>

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. <u>United States v. McLean</u>, 138 F.3d 1398, 1403 (11th Cir. 1998); <u>see</u> <u>also</u> <u>United States v. Jernigan</u>, 341 F.3d 1273, 1285 (11th Cir.

2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.")

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment.  Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005)(citations omitted).  Further, the Eleventh Circuit has pronounced: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her] broad discretion and that the decision affected the substantial rights of the complaining party." Wood v. Morbark Indus., Inc., 70 F.3d 1201, 1206 (11th Cir. 1995).

## III. The St. Johns County Firefighters' Report

The St. Johns County firefighters filled out a report after responding to the incident on November 20, 2003. (Doc. # 32-2 at 6-19).  In the report, the firefighters listed the cause of this incident as an "act of nature" and further noted that "other static discharge" could have been the source of the ignition. (Doc. # 32-2.)  The report at issue notes that nine firefighters, including drivers, responded to the incident, and Flying J notes that it is

in the process of attempting to depose two of the firefighters.  At
this juncture, when the firefighters who responded to the incident
have not been deposed, it is not yet known what their testimony
will be.

**IV.   The St. Cyrs' Arguments**

The St. Cyrs argue that the firefighters should not be allowed
to offer any causation testimony and that their report should be
excluded because (1) the firefighters did not witness the how the
fire began; (2) the firefighters are not certified fire and
explosion experts; (3)the firefighters are not listed as experts on
Flying J's expert disclosures; and (4) the firefighters' testimony
concerning causation would constitute hearsay.

In support of their arguments, the St. Cyrs cite Federal Rules
of Evidence 701 and 602, which follow.

> **Rule 701. Opinion Testimony by Lay Witnesses**: If the
> witness is not testifying as an expert, the witness'
> testimony in the form of opinions or inferences is
> limited to those opinions or inferences which are (a)
> rationally based on the perception of the witness, and
> (b) helpful to a clear understanding of the witness'
> testimony or the determination of a fact in issue, and ©)
> not based on scientific, technical, or other specialized
> knowledge within the scope of Rule 702.

> **Rule 602. Lack of Personal Knowledge**: A witness may not
> testify to a matter unless evidence is introduced
> sufficient to support a finding that the witness has
> personal knowledge of the matter.  Evidence to prove
> personal knowledge may, but need not, consist of the
> witnesses' own testimony.  This rule is subject to the
> provisions of Rule 703, relating to opinion testimony by
> expert witnesses.

**V.   The Flying J's Arguments**

Flying J points out that "it is undisputable that the Plaintiffs' hired expert was not at the scene nor witnessed how the fire/explosion began.  It is also undisputed that the Plaintiffs' hired expert also never inspected the subject van." (Doc. # 78.) Flying J also discusses the theory of static electricity and the different opinions reached so far in this case by the witnesses on both sides as to static electricity.

**VI.  Analysis**

Flying J's arguments underscore the severity of the prejudice to both Plaintiffs and Defendant resulting from the destruction of the van in this case.  The St. Cyrs' and Flying J's experts are forced to offer testimony bordering on speculation as the experts were never given the opportunity to make first-hand observations of the van, either during or after the fire.  Indeed, destruction of the van impeded both Plaintiffs and Defendant, and the absence of the van will undoubtedly cause confusion for the jury.  It appears that no causation evidence in this case will be definitive, and accordingly, the Court will allow the parties to present as many reasonable alternative causation theories to the jury as necessary to protect both sides from unfair prejudice due to the unique evidentiary posture of this case.

The Court has examined the report authored by the St. Johns County firefighters, and although no arguments were presented on

this theory, it appears that the report would not be excluded as hearsay as it falls under Federal Rule of Evidence 803(8)(C), the "public records and reports" hearsay exception.  Under the public records and reports hearsay exception, the following are not excluded as hearsay: (a) reports of public offices or agencies setting forth the activities of the office or agency; (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report or in civil actions; and (c) factual findings resulting from an investigation made pursuant to authority granted by law.[1]

In addition, the firefighter's report could fall within the ambit of Federal Rule of Evidence 803(6), which shields records of regularly conducted activity from being excluded as hearsay.[2]  In

---

[1] In <u>Beech Aircraft Corp. v. Rainey</u>, 488 U.S. 153, 170 (1988) the Court ruled that the language and legislative history of Federal Rule of Evidence 803(8)(C) demonstrate that "portions of investigatory reports otherwise admissible under that Rule are not inadmissible merely because they state a conclusion or opinion.  As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report."

[2] As explained in <u>United States v. Crumpler</u>, No. 06-13637, 2007 U.S. App. LEXIS, at * 9-10 (11th Cir. April 13, 2007), Rule 803(6) permits into evidence a "memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, of from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting
(continued...)

<u>United States v. Brown</u>, 9 F.3d 907, 912 (11th Cir. 1993), the court
determined that police reports generated in adversarial situations
between law enforcement and criminal defendants were not covered by
Federal Rule of Evidence 803(6), but determined that records
created by public officials, performing ordinary duties in non-
adversarial circumstances may fall under Rule 803(6).  The <u>Brown</u>
court relied on <u>United States v. Quezada</u>, 754 F.2d 1190, 1194 (5th
Cir. 1985), which held:

> In the case of documents recording routine, objective
> observations, made as part of the everyday function of
> the preparing official or  agency, the factors likely to
> cloud the perception of an official engaged in the more
> traditional law enforcement functions of observation and
> investigation of crime are simply not present.  Due to
> the lack of any motivation on the part of the recording
> official to do other than mechanically register an
> unambiguous factual matter, such records are, like other
> public documents, inherently reliable.

Although police officers and firefighters perform different
functions, this Court finds the aforementioned legal precedent
concerning the application of the hearsay exceptions apply to the
firefighters' report, created in the normal course of business and

---

²(...continued)
certification, unless the source of the information or the method
or  circumstances  of  preparation  indicate  a  lack  of
trustworthiness." (Citing Federal Rule of Evidence 803(6)).
Further, as stated by the court in <u>Crumpler</u>, it is not necessary
for the person who actually prepared the documents to testify as
long as there is other circumstantial evidence and testimony to
suggest the trustworthiness of the documents. <u>Id.</u> at * 5.

in the absence of any known controversy or adversarial circumstances.

At this point, the Court has not been presented with any viable reasons to exclude the St. Johns County firefighters report, and this Court preliminarily finds the report to be trustworthy. Accordingly, Flying J may present the report and the testimony of the firefighters as such testimony pertains to the report.[3]

Further, the static electricity or "act of nature" theory is not an "out of the blue" theory launched by Flying J on the eve of trial.   Instead, it appears that Plaintiffs' expert has been questioned about the theory of static electricity as a cause of the incident, and Plaintiffs' expert has not ruled out static electricity as a cause of the incident. (Doc. # 78 at 3.) Furthermore, as mentioned above, the firefighters who responded to the incident determined that static electricity was a possible cause of the fire.   Hal Blanton, the State of Florida LP Gas Investigator, testified in his July 28, 2006, deposition that static electricity was a possible cause of the incident.   In

---

[3] In addition, Federal Rule of Evidence 704 states in pertinent part that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The Notes of the Advisory Committee on the Federal Rules of Evidence indicate that "the basic approach to opinions, lay and expert, in these rules is to admit then when helpful to the trier of fact."
The Court preliminarily finds that the report of the St. Johns County firefighters and the testimony of the firefighters will aid the tier of fact in determining causation in this matter.

addition, LaDon Richardson, one of Flying J's expert witnesses, authored a report indicating that static electricity was a possible cause of the incident.

The report authored by the St. Johns County firefighters may be presented to the jury, and it will further aid the jury to hear from the individual firefighters who authored or contributed to authoring the report.

However, in the interest of fairness, the parties may submit this issue to the Court for further instruction after the firefighters have been deposed in the instance that their deposition testimony reveals indicia of untrustworthiness or other factors which may render this decision inappropriate under the circumstances.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) Plaintiffs' Motion in Limine Preventing Defendant from Introducing Evidence Describing this Incident as an 'Act of G*D' (Doc. # 67) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida, this 30th day of August, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record