UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LISE ST. CYR AND JACQUES ST. CYR,

        Plaintiffs,

v.                            Case No. 3:06-cv-13-J-33TEM

FLYING J INC.,
        Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiffs' Motion to Strike Paul Mack, Sandra Long, Patricia Jefferys, Annette Bennasar and Shawn O'Brien from Defendant's Witness List and/or Motion for Sanctions (Doc. # 102), filed by Plaintiffs on September 5, 2007.

Plaintiffs' motion fails to comply with Local Rule 3.01(g) which states in pertinent part:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

This Court expects the parties that come before it to comply with the Local Rules for the Middle District of Florida. As stated in Kindred Rehab Services, Inc. v. Florida Convalescent Centers, Inc., 3:06-cv-218-J-33MCR, 2007 U.S. Dist. LEXIS 42064, *2 (M.D. Fla. June 11, 2007): "The importance of the Local Rules cannot be overstated. All counsel are expected to be familiar with and comply with all applicable rules of this Court. The purpose of Local Rule 3.01(g) 'is to require the parties to communicate and resolve certain types of disputes without court intervention.' (Citing Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996)."

During the pretrial conference held on August 29, 2007, this Court warned the parties that many of the motions pending before the Court were not in compliance with the Local Rules for the Middle District of Florida, particularly Local Rule 3.01(g). This Court further ruled: "So just make certain, please, when you file these motions, even if it's a motion in limine, that you include that 3.01(g) statement . . . that you've conferred with opposing counsel but have been unable to resolve it, so that I know that you have made an effort to try to resolve it." (Doc. # 101 at 14-15.)

This Court is not pleased that, after a clear admonition, Plaintiffs continue to violate the Local Rules with impunity.

Accordingly, Plaintiffs' motion is denied without prejudice due to Plaintiffs' failure to comply with Local Rule 3.01(g), M.D. Fla.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) Plaintiffs' Motion to Strike Paul Mack, Sandra Long, Patricia Jefferys, Annette Bennasar and Shawn O'Brien from Defendant's Witness List and/or Motion for Sanctions (Doc. # 102) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida, this 6th day of September, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record