```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

Lise St. Cyr and Jacques St. Cyr,

        Plaintiffs,

v.                            Case No. 3:06-cv-13-J-33TEM

Flying J Inc.,

        Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant Flying J Inc.'s Motion in Limine # 1 Barring References to Defendant's Size, Net Worth, Revenues, or Financial Condition (Doc. # 79), filed on August 27, 2007. Plaintiffs filed a Response in Opposition to Defendant's Motion in Limine (Doc. # 106) on September 10, 2007. For the reasons that follow, this Court grants Defendant's Motion in Limine in part and denies the motion in part.

### I. Background

Lise and Jacques St. Cyr are citizens of Quebec, Canada. (Doc. # 29.) In November 2003, while in Florida, the St. Cyrs visited a Flying J service station in St. Augustine, Florida to refill propane in their van. Id. The St. Cyrs contend that the Flying J negligently failed to dispense propane properly and that as a result, an explosion occurred resulting in (1) damage to the St. Cyrs' van; and (2) personal injury to Lise St. Cyr. Id. It is uncontested that the St. Cyrs drove the van back to Quebec in April of 2004 and, approximately one month thereafter, sold the van to a junkyard for scraps. (Doc. # 40 at 7.)

On February 8, 2005, the St. Cyrs filed their Complaint against Flying J in state court, and on January 5, 2006, Flying J removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. # 1.)  After successive motions to dismiss, the St. Cyrs filed their second amended complaint on August 24, 2006, alleging negligence (Counts I and II); strict liability (Counts III and IV); res ipsa loquitor (Counts V and VI); and, loss of consortium (Count VII).  (Doc. # 29 at 1-7.)

## II. Legal Standard

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion.  United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.")

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment.  Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005)(citations omitted).  Further, the Eleventh Circuit has

pronounced: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her] broad discretion and that the decision affected the substantial rights of the complaining party." Wood v. Morbark Indus., Inc., 70 F.3d 1201, 1206 (11th Cir. 1995).

### III. **Defendant's Arguments**

Defendant asserts that Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses should be prohibited from referring to Defendant's size, net worth, revenue, profits or financial condition. Defendant asserts that its size, net worth, revenues, profits, and financial condition are irrelevant and further, that introduction of evidence related to size, net worth, revenues, profits, and financial condition would confuse the issues at trial and mislead the jury. Specifically, Defendant argues: "If the jury is presented with evidence or repeated references regarding a Defendant's size, net worth, revenues, financial condition, or profits, it could mislead the jury into believing that Defendant's financial information is a significant factor in determining liability." (Doc. # 79 at 3.) Defendant further asserts that "the jury might make some finding of liability or award of damages based on its false impression that a judgment of liability would have little or no effect on a Defendant." (Doc. # 79 at 3.)

Federal Rule of Evidence 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In addition, Defendant cites a number of cases in which various courts, including the United States Supreme Court, have cautioned against allowing the jury to consider the wealth of a corporate defendant. In Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1, 22, the Court warned: "the factfinder must be guided by more than the defendant's net worth . . . plaintiffs do not enjoy a windfall because they have the good fortune to have a defendant with a deep pocket."  The majority of the cases cited by the parties concern the assessment of punitive damages; however, in the instant case, there is no claim for punitive damages.[1]

As punitive damages are not an issue in this case, this Court finds that it would be inappropriate, and unfairly prejudicial to Defendant to allow the Plaintiffs to refer to Defendant's net worth, revenues, profits, and financial condition.  Justice O'Connor, dissenting in TXO Prod. Corp. v. Alliance Res. Corp., 509

---

[1] See Al-Site Corp. v. VSI Int'l, Inc., 842 F. Supp. 507, 509 (S.D. Fla. 1993)(requiring a threshold determination of potential entitlement to punitive damages before introduction of net worth evidence.)

U.S. 443, 464 (1993), observed that "[c]ourts long have recognized that jurors may view large corporations with great disfavor." She further commented:

> It is lamentable that the popular prejudice against these corporations should be so powerful as to taint the administration of justice, but we cannot close our eyes to the fact. Corporations are mere abstractions and, as such, are unlikely to be viewed with much sympathy. Moreover, they often represent a large accumulation of productive resources; jurors naturally think little of taking an otherwise large sum of money out of what appears to be an enormously larger pool of wealth. Finally, juries may feel privileged to correct perceived social ills stemming from unequal wealth distribution by transferring money from "wealthy" corporations to comparatively needier Plaintiffs.

Id. at 491 (internal citations omitted.) If presented with information about Defendant's wealth, the jury may be tempted to render an award on the basis of that information alone. Defendant's wealth is simply not relevant to any of the issues that the factfinder is charged with determining in this case. Given the risks and pre-existing prejudice against corporations described by Justice O'Connor, this Court determines that the probative value of evidence concerning Defendant's net worth, revenues, profits, and financial condition would be substantially outweighed by the significant danger of unfair prejudice, confusion of the issues, and misleading of the jury that could occur if such evidence was introduced.

Evidence of Defendant's size, however, is a separate issue. This Court determines that Defendant has cast its net too broad in

this motion in limine to the extent that Defendant requests an order barring all references to its size. "Size" is an amorphous term and an order barring reference to Defendant's size would be difficult to enforce and would potentially bar Plaintiffs from presenting relevant and probative evidence. Accordingly, this Court will not bar Plaintiffs from making reference to Defendant's "size."

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

Defendant Flying J Inc.'s Motion in Limine # 1 Barring References to Defendant's Size, Net Worth, Revenues, or Financial Condition (Doc. # 79) is **GRANTED** to the extent that Plaintiffs are barred from introducing evidence or otherwise making known to the jury Defendant's net worth, revenues, profits, or financial condition. Defendant's motion is **DENIED** to the extent that Plaintiffs may introduce evidence or otherwise make known to the jury Defendant's size.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 12th day of September, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record