```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 JACKSONVILLE DIVISION
```

Lise St. Cyr and Jacques St. Cyr,

                Plaintiffs,

v.                              Case No.  3:06-cv-13-J-33TEM

Flying J Inc.,
                Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Flying J Inc.'s Motion in Limine # 3 Barring References to Consumer Safety as Purpose for Lawsuit (Doc. # 83), filed on August 27, 2007. Plaintiffs filed a Response in Opposition to Defendant's Motion in Limine (Doc. # 108) on September 10, 2007.  For the reasons that follow, this Court grants in part Defendant's Motion in Limine.

**I.   Background**

Lise and Jacques St. Cyr are citizens of Quebec, Canada. (Doc. # 29.)  In November 2003, while in Florida, the St. Cyrs visited a Flying J service station in St. Augustine, Florida to refill propane in their van.  Id.  The St. Cyrs contend that the Flying J negligently failed to dispense propane properly and that as a result, an explosion occurred resulting in (1) damage to the St. Cyrs' van; and (2) personal injury to Lise St. Cyr.  Id.  It is uncontested that the St. Cyrs drove the van back to Quebec in April of 2004 and, approximately one month thereafter, sold the van to a junkyard for scraps. (Doc. # 40 at 7.)

On February 8, 2005, the St. Cyrs filed their Complaint against Flying J in state court, and on January 5, 2006, Flying J removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. # 1.)  On April 18, 2006, Plaintiffs filed an amended complaint (Doc. # 14) including nine counts (Counts I and II for negligence; Counts III and IV for strict liability; Counts V and VI for res ipsa loquiter; Counts VII and VIII for negligence per se; and Count IX for loss of consortium.)  On April 27, 2006, Defendant filed a motion to dismiss Counts III, IV, VII, and VIII, citing the Second Restatement of Torts and other persuasive authorities (Doc. # 16).  On July 31, 2006, after due consideration, this Court granted Defendant's motion to dismiss (Doc. # 25).

In dismissing Plaintiffs' strict liability claims, this Court ruled: "After reviewing the factors of the Restatement of the Law of Torts § 520, the allegations in Plaintiffs' Amended Complaint, as a matter of law, do not rise to the level of ultra hazardous or abnormally dangerous to warrant strict liability." (Doc. # 25 at 9.)  In dismissing Plaintiffs' negligence per se claims, this Court determined that neither Chapter 11 of the Florida Administrative Code nor Chapter 527 of the Florida Statues allows a private right of action (a required element for a negligence per se action).[1]

---

[1] Newsome v. Haffner, 710 So. 2d 184, 186 (Fla. 1st DCA 1988)("A cause of action in negligence per se is created when a penal statute is designed to protect a class of persons, of which the plaintiff is a member, against a particular type of harm.")

However, this Court recognized that Plaintiffs were entitled to bring a common law negligence case on the facts as alleged: "The Florida Supreme Court has noted that when a cause of action for negligence per se fails because the statute at issue does not expressly provide for one, a plaintiff still has a right to bring a common law negligence claim based on the same allegations." (Doc. # 25 at 13.)

The St. Cyrs filed their second amended complaint on August 24, 2006, alleging negligence (Counts I and II); strict liability (Counts III and IV); res ipsa loquitor (Counts V and VI); and, loss of consortium (Count VII). (Doc. # 29 at 1-7.)

## II. Legal Standard

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.")

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its

decision on clearly erroneous facts, or commits a clear error in judgment. Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005)(citations omitted). Further, the Eleventh Circuit has pronounced: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her] broad discretion and that the decision affected the substantial rights of the complaining party." Wood v. Morbark Indus., Inc., 70 F.3d 1201, 1206 (11th Cir. 1995).

**III. Defendant's Arguments**

Defendant asserts that Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses should be prohibited from offering statements, references, testimony or other evidence regarding consumer safety as the purpose of this lawsuit. In addition, Defendant argues that Plaintiffs should be barred from discussing consumer safety. The Court will address these arguments in turn.

    **A.**    **Conscience of the Community and "Purpose" Messages**

Defendant seeks an order of this Court barring Plaintiffs from asking the jury to act as the "conscience of the community" or to "send a message" to Defendant. Defendant states: "such statements or arguments would be unfairly prejudicial to Defendant as they would be inflammatory, they would be calculated to bias the jury against Defendant by suggesting that the jury be the 'conscience of

the community,' and they would create an improper and impermissible degree of sympathy for Plaintiffs." (Doc. # 83 at 2.)

In addition to general "conscience of the community" arguments, Defendant asserts that Plaintiffs should be barred from submitting to the jury that the lawsuit was filed for the propose of protecting consumer safety.[2] First, Defendant argues that "consumer safety is irrelevant to this lawsuit, which was brought to recover money damages" and asserts that "[a]ny references by counsel or witnesses to consumer safety as a purpose of this lawsuit is entirely irrelevant to the instant action, as it does not tend to prove or disprove any disputed fact that is of consequence to the determination fo this action. Plaintiffs brought this lawsuit for one reason and one reason only–to collect money damages." (Doc. # 83 at 2.)[3] Second, Defendant assert that this Court should employ Federal Rule of Evidence 403 because statements concerning consumer safety as the purpose of this lawsuit would be unfairly prejudicial.[4]

---

[2] This request is distinct from Defendant's general request that Plaintiffs refrain from making conscience of the community statements to the jury.

[3] Defendant points out that Plaintiff has failed to request injunctive relief or make "an appeal to the industry." (Doc. # 83 at 4-5).

[4] Federal Rule of Evidence 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue (continued...)

Plaintiffs' response indicates that Plaintiffs agree that "conscience of the community" and "send a message" invocations are "well recognized as improper." Plaintiffs affirm that they will not ask the jury to act as the conscience of the community and will not ask the jury to send a message: "[c]ourts have made it clear that the use of such language will result in reversal or retrial, and this Motion in Limine is not needed to accomplish this result." (Doc. # 108 at 3.) Plaintiffs' response moots Defendant's request that Plaintiffs refrain from making conscience of the community arguments; however, Defendant's request concerning "purpose of the lawsuit" remarks is not moot because Plaintiffs do not agree to refrain from discussing consumer safety as the "purpose" of the lawsuit.

Under these circumstances it is appropriate to employ Federal Rule of Evidence 403 to bar Plaintiffs from asserting that this lawsuit was brought for the purpose of improving consumer safety. This Court agrees with Defendant's statement that, "[w]hen faced with the concept that jurors have a role of duty in promoting safety, a juror may be more likely to turn a blind eye to the evidence presented in the case and to decide the matter based on sympathy or emotion." (Doc. # 83 at 3.) Such remarks carry a

---

⁴(...continued)
delay, waste of time, or needless presentation of cumulative evidence."

danger of unfair prejudice to Defendant that substantially outweighs the probative value (if any) inherent in such statements. Accordingly, Plaintiffs are prohibited from asserting that this lawsuit was brought for the purpose of protecting the public, enhancing consumer safety, or other similar remarks.

**B.     General Consumer Safety Arguments**

In addition to "purpose of the lawsuit" arguments, Defendant appears to contend that this Court's Order dated July 31, 2006 should be interpreted to prohibit Plaintiffs from making arguments concerning consumer safety in general. Defendant's arguments on this point state:

> This Court has already determined as a matter of law that Chapter 527 of the Florida Statutes and Florida Administrative Code is not designed to protect consumers, and in this case, Plaintiffs, from the types of injuries and losses they suffered. Plaintiffs are, in essence, attempting to argue principles of negligence per se in front of the jury that have already been ruled upon by this Court. Accordingly, Plaintiffs should be precluded from making such assertions at trial. . . . or other similar remarks relative to the design of Chapter 527 Florida Statutes and Administrative Code that has already been ruled upon by this Court as a matter of law.

(Doc. # 83 at 4-5.

Defendant's request is overly broad, would exclude relevant evidence, and would unduly restrict Plaintiffs' ability to bring their negligence claims. In Plaintiffs' negligence action, where the duty owed by Defendant to Plaintiffs is a paramount element, discussion of consumer safety is inevitable. Plaintiffs correctly

state that "[c]onsumer safety, and the safety of the general public, have long been held relevant factors in negligence related–and particularly in cases involving product safety and the failures to initiate proper safety procedures in the provision of routine, much less inherently dangerous, services to the public." (Doc. # 108 at 4.)

Evidence touching on consumer safety is relevant, and the application of Rule 403 would not be appropriate to bar Plaintiffs from discussing general consumer safety issues. Any danger of unfair prejudice, misleading the jury, or confusion of the issues is slight, and the potential prejudice to Plaintiffs, if consumer safety issues were barred from discussion, would be significant.

In addition, this Court disagrees with Defendant's interpretation of the July 31, 2006 Order. That Order should not be interpreted to bar Plaintiffs from discussing consumer safety issues. Accordingly, Defendant's request that Plaintiffs be prohibited from referring to customer safety and statutes governing propane is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

Defendant Flying J Inc.'s Motion in Limine # 3 Barring References to Consumer Safety as Purpose for Lawsuit (Doc. # 83) is **GRANTED** to the extent that Plaintiffs are prohibited from asserting that this lawsuit was brought for the purpose of protecting the public,

enhancing consumer safety, or other similar remarks.  The motion in limine is otherwise denied.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 18th day of September, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record