UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Lise St. Cyr and Jacques St. Cyr,

        Plaintiffs,

v.                           Case No.  3:06-cv-13-J-33TEM

Flying J Inc.,
        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Flying J Inc.'s Motion in Limine # 2 Barring References to Absent Witnesses (Doc. # 81), filed on August 27, 2007.  Plaintiffs filed a Response in Opposition to Defendant's Motion in Limine (Doc. # 107) on September 10, 2007.  Within Plaintiffs' response, Plaintiffs request that this Court instruct the jury as to the missing witness rule.  For the reasons that follow, this Court denies both Defendant's Motion in Limine and Plaintiffs' request for a jury instruction regarding the missing witness rule.

**I.  Background**

Lise and Jacques St. Cyr are citizens of Quebec, Canada. (Doc. # 29.)  In November 2003, while in Florida, the St. Cyrs visited a Flying J service station in St. Augustine, Florida to refill propane in their van.  Id.  The St. Cyrs contend that the Flying J negligently failed to dispense propane properly and that as a result, an explosion occurred resulting in (1) damage to the St. Cyrs' van; and (2) personal injury to Lise St. Cyr.  Id.  It is uncontested that the St. Cyrs drove the van back to Quebec in April

of 2004 and, approximately one month thereafter, sold the van to a junkyard for scraps. (Doc. # 40 at 7.)

On February 8, 2005, the St. Cyrs filed their Complaint against Flying J in state court, and on January 5, 2006, Flying J removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. # 1.) After successive motions to dismiss, the St. Cyrs filed their second amended complaint on August 24, 2006, alleging negligence (Counts I and II); strict liability (Counts III and IV); res ipsa loquitor (Counts V and VI); and, loss of consortium (Count VII). (Doc. # 29 at 1-7.)

On February 8, 2007, Flying J filed a motion for summary judgment. (Doc. # 32.) Flying J asserted that summary judgment in its favor was warranted due to the St. Cyrs' spoliation of the van, which Flying J contends is the primary piece of evidence in this case: "In essence, the destruction of the van has effectively thwarted Flying J's ability to prove that the cause of the subject fire was due to either the fault of the Plaintiff or to some other defective nature in the van itself, particularly the gas appliances inside the cabin." (Doc. # 32 at 4.) The St. Cyrs filed a response in opposition to the motion for summary judgment on February 22, 2007. (Doc. # 40.)

After due deliberation and consideration of the parties' submissions, this Court found that spoliation of the van had occurred; however, this Court declined to enter summary judgment in

favor of Flying J, deeming that an adverse inference jury instruction was a more appropriate sanction under the circumstances of this case. (Doc. # 61.)  As to spoliation, this Court specifically found: "the examination of the van itself is important evidence and is crucial to Flying J's ability to determine the cause of, or the factors possibly contributing to, the explosion and fire.  Since all of the elements have been met, ths Court finds that spoliation of evidence has occurred." (Doc. # 61 at 8.)

## II. Legal Standard

### A. Evidentiary Determinations

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.")

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment. Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th

Cir. 2005)(citations omitted). Further, the Eleventh Circuit has pronounced: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her] broad discretion and that the decision affected the substantial rights of the complaining party." Wood v. Morbark Indus., Inc., 70 F.3d 1201, 1206 (11th Cir. 1995).

**B.    Jury Instructions**

As stated by the Eleventh Circuit in Conroy v. Chevrolet, Inc., 375 F.3d 1228, 1233 (11th Cir. 2004), this Court's instructions to the jury are reviewed de novo: "We review jury instructions de novo to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party." This Court is afforded wide discretion as to the style and wording of its jury instructions so long as the instructions accurately reflect the law. Id. The Eleventh Circuit has further determined that, "when reviewing a district court's failure to give a requested instruction, even if the requested instruction correctly states the law, we will only reverse if (1) the contents of the requested instruction are not adequately covered by the jury charge and (2) the requesting party suffers prejudicial harm." Id.

**III. Defendant's Arguments**

Defendant asserts that Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses should be prohibited from referring to or

asserting that the absence of any witness who is not called to testify in Court is evidence of any fact." (Doc. # 81 at 1). In addition, Defendant argues that references to the absence of a witness would be irrelevant and not admissible pursuant to Federal Rule of Evidence 402. Defendant also requests that this Court employ Federal Rule of Evidence 403 to bar references to the absence of witnesses.

Defendant cites Jones v. Otis Elevator Co., 861 F.2d 655, 659 (11th Cir. 1988), for the proposition that "Several dangers . . . are inherent in allowing the jury to draw an unfavorable inference from the absence of evidence. By creating evidence from nonevidence, the inference may artificially inflate one side of the case by giving undue significance to the missing witness."

### IV. Plaintiffs' Arguments

Plaintiffs correctly point out that, in the Jones case upon which Defendant relies, the Court upheld the missing witness rule and affirmed the trial court's instruction to the jury. Plaintiffs request that this Court deny Defendant's motion in limine as "frivolous." In addition, Plaintiffs move for an order of this Court, consistent with Jones and other controlling precedent, permitting "an adverse [jury] instruction should [D]efendant fail to call witnesses with direct personal knowledge of material facts, because they were employees of defendant and were practically unavailable to the plaintiff." (Doc. # 107 at 3).

**V.      Analysis**

The Eleventh Circuit has long recognized the missing witness rule. In the Jones case, the plaintiff was injured in an elevator, and the defendant failed to call various witnesses with actual knowledge concerning of the maintenance history and physical state of the elevator. 861 F.2d at 657. The court instructed the jury that "if a party fails to call a person who possesses knowledge about the facts in issue and who is reasonably available to him and who is not equally available to the other party, then you may infer that the testimony of that witness is unfavorable to the party who could have called that witness and did not do so." Id. at 658. The defendant appealed the trial court's adverse inference jury instruction, and the Eleventh Circuit affirmed the trial court. The Eleventh Circuit explained that "the United States Supreme Court established the missing witness rule nearly 100 years ago when the Court stated 'that if a part has peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do so creates the presumption that the testimony, if produced, would be unfavorable.'" Id. (Citing Graves v. United States, 150 U.S. 118, 121 (1893)).

Pursuant to the dictates of the missing witness rule, the proponent of a missing witness jury instruction must demonstrate (1) the potential witnesses' unavailability in a physical or

practical sense and (2) that the potential testimony must be relevant and non-cumulative. <u>Jones</u>, 861 F.2d at 659 (quotations omitted).

This Court's "unavailability" test is an all-inclusive evaluation of the relationships between the parties and the individual circumstances of the case:

> A witnesses' availability is not determined solely from his physical presence at the trial or his accessibility to subpoena. Rather, availability also will turn on the witness' relationship to the nonproducing party. A witness is unavailable in a practical sense when this relationship is such that it creates a bias or hostility against the opposing party. Because of an employee's economic interests, the employer-employee relationship is recognized as one created practical unavailability.

<u>Id.</u> at 659-660.

Under the missing witness rule, if this Court finds that a particular witness is unavailable, this Court must then evaluate the substance of the potential testimony. <u>Jones</u> explains: "A party need not account for every witness cognizant of the facts with whom he shares a peculiar relationship. Rather, the potential testimony must be superior to that relied on at trial." <u>Id.</u> at 660.

In <u>Jones</u>, the Court explained its application of the missing witness rule as follows, "in this case, two missing witnesses were elevator mechanics who directly serviced the elevator in question. Although [defendant's] maintenance supervisor testified at trial, his testimony was based on the reports filled out by these service mechanics. Since at least one of the missing witnesses could have

testified from personal knowledge regarding the service of the elevator in question, the testimony would have been both relevant and noncumulative.  The missing witness instruction, therefore, was permissible." Id.

Plaintiffs request that this Court instruct the jury that an adverse inference can be drawn from Defendant's failure to call witnesses, but Plaintiffs have failed to identify the witnesses, explain why the witnesses should be classified as unavailable, and has failed to discuss the potential testimony at issue.  As Plaintiffs have not met their burden, the Court denies Plaintiffs' request for an adverse inference jury instruction without prejudice.

Although the application of the missing witness rule has been whittled away over the years,[1] it has not been overruled. Defendant's laconic motion, that fails to reference a single

---

[1] In Jones, the Eleventh Circuit questioned the usefulness and efficacy of the missing witness rule, and warned of the dangers of "creating evidence from nonevidence."  861 F.2d at 659, n.4. See also In re Mayer, No. 06-10620, 2007 U.S. App. LEXIS 11211, at *7 n. 1 (11th Cir. May 10, 2007)("The value of the missing witness inference has been called into question as the Federal Rules of Civil Procedure have evolved to allow a party to attack the credibility of its own witness and both sides in litigation generally have subpoena power of a potential witness.")

witness, is therefore denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant Flying J Inc.'s Motion in Limine # 2 Barring References to Absent Witnesses (Doc. # 81) is **DENIED.**

2. Plaintiffs' request for an adverse inference jury instruction concerning missing witnesses, as requested in (Doc. # 107), is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 27th day of September, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record