UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Lise St. Cyr and Jacques St. Cyr,

                Plaintiffs,
v.                                  Case No.   3:06-cv-13-J-33TEM

Flying J Inc.,
                Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs' Renewed Motion to Strike Paul Mack, Sandra Long, Patricia Jefferys, Annette Bennasar and Shawn O'Brien from Defendant's Witness List and/or Motion for Sanctions (Doc. # 110), filed on September 10, 2007. Defendant Flying J Inc. filed its Response in Opposition to Plaintiffs' Motion to Strike (Doc. # 118), and Plaintiffs filed a Reply to Defendant's Response on October 4, 2007 (Doc. # 147).

Also before this Court is Defendant Flying J Inc.'s Motion in Limine to Preclude Plaintiffs' Medical Expert, Dr. Allain Girouard, from Testifying at Trial Regarding the Newly-Formulated and Untimely-Furnished Opinions set forth in his August 27, 2007 Report which Violates Rule 26(a)(2)(B), filed on September 21, 2007 (Doc. # 121). Plaintiffs filed a Response in Opposition to Defendant's Motion in Limine on October 4, 2007 (Doc. # 146).

For the reasons that follow, both Plaintiffs' Motion to Strike and Defendant's Motion in Limine are denied.

**I.    Background**

Lise and Jacques St. Cyr are citizens of Quebec, Canada. (Doc. # 29).  In November 2003, while in Florida, the St. Cyrs visited a Flying J service station in St. Augustine, Florida to refill propane in their van.  Id.  The St. Cyrs contend that the Flying J negligently failed to dispense propane properly and that as a result, an explosion occurred resulting in (1) damage to the St. Cyrs' van; and (2) personal injury to Lise St. Cyr. Id.  It is uncontested that the St. Cyrs drove the van back to Quebec in April of 2004 and, approximately one month thereafter, sold the van to a junkyard for scraps. (Doc. # 40 at 7).

On February 8, 2005, the St. Cyrs filed their Complaint against Flying J in state court, and on January 5, 2006, Flying J removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. # 1).  After successive motions to dismiss, the St. Cyrs filed their second amended complaint on August 24, 2006, alleging negligence (Counts I and II); strict liability (Counts III and IV); res ipsa loquitor (Counts V and VI); and loss of consortium (Count VII).  (Doc. # 29 at 1-7).

On February 8, 2007, Flying J filed a motion for summary judgment. (Doc. # 32).  Flying J asserted that summary judgment in its favor was warranted due to the St. Cyrs' spoliation of the van, which Flying J contends is the primary piece of evidence in this case: "In essence, the destruction of the van has effectively

thwarted Flying J's ability to prove that the cause of the subject fire was due to either the fault of the Plaintiffs or to some other defective nature in the van itself, particularly the gas appliances inside the cabin." (Doc. # 32 at 4).  The St. Cyrs filed a response in opposition to the motion for summary judgment on February 22, 2007 (Doc. # 40) accompanied by affidavits.

After due deliberation and consideration of the parties' submissions, this Court found that spoliation of the van had occurred; however, this Court declined to enter summary judgment in favor of Flying J, deeming that an adverse inference jury instruction was a more appropriate sanction under the circumstances of this case. (Doc. # 61).  As to spoliation, this Court specifically found: "the examination of the van itself is important evidence and is crucial to Flying J's ability to determine the cause of, or the factors possibly contributing to, the explosion and fire.  Since all of the elements have been met, ths Court finds that spoliation of evidence has occurred." (Doc. # 61 at 8).

The trial of this case was set to commence on October 2, 2007; however, Plaintiffs sought (Doc. # 142) and were granted (Doc. # 144) a continuance of the trial on September 28, 2007, only one business day prior to the commencement of the trial.  The trial of this case has not yet been rescheduled.

## II. Legal Standard

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.")

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment. Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005)(citations omitted).  Further, the Eleventh Circuit has pronounced: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her] broad discretion and that the decision affected the substantial rights of the complaining party." Wood v. Morbark Indus., Inc., 70 F.3d 1201, 1206 (11th Cir. 1995).

**III. <u>Analysis</u>**

Plaintiffs' motion seeks an order of this Court striking witnesses from Ace Hardware whom, Defendant asserts, will testify that Plaintiffs' propane tanks were damaged prior to the fire. Defendant's motion, on the other hand, seeks an order of this Court preventing Plaintiffs' medical expert, Dr. Allain Girouard, from testifying about Plaintiff Lise St. Cyr's allegedly permanent injuries.  Both motions seek relief on the basis of untimely disclosures and other technical violations of the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.  However, as the trial of this case has been continued, the prejudices complained of by both parties can be mitigated by additional discovery and amended disclosures.  Accordingly, this Court declines to strike the Ace Hardware witnesses and declines to limit Plaintiffs' expert from offering testimony concerning Plaintiff Lise St. Cyr's injuries.

    **A.**    <u>**Ace Hardware Witnesses**</u>

Plaintiffs assert that Defendant withheld information about Paul Mack, Sandra Long, Patricia Jeffereys, Annette Bennesar, and Shawn O'Brien until the eve of trial.  Plaintiffs' Motion to Strike contains the following statement: "On September 19, 2005, Plaintiffs' Counsel had provided to Defendant's Counsel, pursuant to discovery requests, a file of documents relevant to the present case which included an undated note from Florida Ace Hardware, St.

Augustine, Florida. Said note was signed by Shawn O'Brien, an employee of Ace Hardware." Clearly, Plaintiffs were aware of Shawn O'Brien, the author of the note, since the commencement of this case. Nevertheless, Plaintiffs characterize Defendant's recent attempt to utilize Shawn O'Brien and witnesses who were identified as a result of Defendant's knowledge of Shawn O'Brien, as "surprising" and "surreptitious." (Doc. # 110.) All the while, Defendant maintains that it did not learn of Shawn O'Brien's note (the lead to the Ace Hardware witnesses) until after June 12, 2007, when Plaintiffs' expert, Patrick Kennedy, showed up for a duces tecum deposition with a copy of Shawn O'Brien's note, a "needle in a haystack" among other documents (Doc. # 118 at 7). The parties' arguments concerning when Shawn O'Brien's note was disclosed to Defendant are at odds, and this Court agrees with Defendant that "there is simply no way to definitively prove or disprove when this letter was produced to Flying J." (Doc. # 118 at 4).

Although this Court cannot determine when Defendant's knew, or should have known, about the Ace Hardware witnesses, it is clear that Plaintiffs were the first to obtain Shawn O'Brien's note, which forms the link to the Ace Hardware witnesses. Accordingly, Plaintiffs' arguments concerning the Defendant's surprise attack tactics strain credulity. Defendant characterizes the Ace Hardware witnesses' testimony as a "smoking gun" and, a close evaluation of the allegations concerning the Ace Hardware witnesses leads this

Court to believe that Plaintiffs, who were in possession of Shawn O'Brien's note since the inception of this case, were under a duty to disclose Shawn O'Brien on Plaintiffs' Rule 26, Fed.R.Civ.P., initial disclosures.  Accordingly, this Court declines to strike the Ace Hardware witnesses on the basis of Defendant's tardy disclosure of its intent to call such witnesses.  In order to mitigate any potential prejudice to Plaintiffs; however, this Court will allow Plaintiffs to depose any Ace Hardware witnesses that Plaintiffs so desire to depose, within the boundaries of reasonableness.[1]  Accordingly, Plaintiffs' motion to strike the Ace Hardware Witnesses is denied.

### B. **Allain Girouard, M.D.**

Defendant deposed one of Plaintiffs' physicians, Allain Girouard, M.D., on May 16, 2007.  Dr. Girouard essentially stated that he was not prepared to discuss whether Plaintiff Lise St. Cyr was permanently injured. Specifically, during the deposition, the following exchange took place:

> Q: In this particular case, you didn't give a permanent impairment rating?
> A: That's correct.
> Q: And that would be because at this point you weren't in a position to do so, correct?
> A: That's correct.
> Q: And that would be because further treatment or medical care could ultimately affect or improve that impairment rating?

---

[1] This Court has been informed that Shawn O'Brien is no longer an Ace Hardware employee and is currently enlisted in the U.S. Navy and stationed in Bahrain.

```
      A:    That's correct.
      Q:    And you would agree that at that particular time
            you weren't in a position to reach a conclusion in
            that regard?
      A:    That's correct.
      Q:    And would you agree that sitting here today, you
            aren't in a position to render an opinion one way
            or another in that regard?
      A:    Another evaluation would be required.
```

(Doc. # 121 at 2-3, quoting Dr. Girouard's deposition at 47-48).

At the time of the deposition, Dr. Girouard was not named as an expert witness, and accordingly Defendant did not have an expert report for Dr. Girouard. Subsequent to his deposition, Plaintiffs designated Dr. Girouard as an expert witness who would "testify as to the injuries sustained by Plaintiff Lise St. Cyr." (Doc. # 121 at 3). Plaintiffs did not provide a copy of Dr. Girouard's expert report to Defendant until September 4, 2007.

Defendant seeks an order of this Court limiting Dr. Girouard's testimony to that provided during his deposition. Defendant's motion states, "This Court should therefore exclude Dr. Girouard's recently-formulated and untimely-disclosed opinions as a sanction for Plaintiffs' highly disapproved of trial by ambush tactics." (Doc. # 121 at 10). Defendant also seeks an order of this Court striking Dr. Girouard's expert report and prohibiting Plaintiffs from eliciting opinion testimony from Dr. Girouard, at trial, based on his September 4, 2007, expert report.

Defendant alleges that Dr. Girouard's expert report does not meet the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  This Court has evaluated Dr. Girouard's expert report and agrees that the report falls well short of Rule 26(a)(2)(B)'s strictures.  Although this Court would be justified in striking Dr. Girouard's report and disallowing Dr. Girouard's testimony as requested by Defendant, this Court declines to do so at this time.[2]  Witness preclusion is a harsh sanction that should be imposed sparingly and only when other sanctions are unavailable. See Weaver v. Lexington Ins. Co., 8-05-cv-1913-T-27TBM, 2007 U.S. Dist. LEXIS 32230 (M.D. Fla. May 2, 2007)(characterizing the sanction of witness preclusion as "drastic").

If Plaintiffs desire to maintain Dr. Girouard as an expert witness, Plaintiffs shall furnish to Defendant an amended expert report in full compliance with Rule 26(a)(2)(B) within eleven days from the date of this Order.  After Defendant receives Dr. Girouard's amended expert report, Defendant may re-depose Dr. Girouard prior to the trial.

---

[2] The Eleventh Circuit ruled in Prieto v. Malgor, 361 F.3d 1313, 1318 (11th Cir. 2004), "Each witness must provide a report containing a complete statement of all opinions to be expressed and the basis and reasons therefore as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony.  Any party that without substantial justification fails to disclose this information is not permitted to use the witness as evidence at trial unless such failure is harmless.  The district court may impose other appropriate sanctions in addition to or in lieu of the evidentiary exclusion." (internal citations omitted).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) Plaintiffs' Renewed Motion to Strike Paul Mack, Sandra Long, Patricia Jefferys, Annette Bennasar and Shawn O'Brien from Defendant's Witness List and/or Motion for Sanctions (Doc. # 110) is **DENIED.**

(2) Defendant Flying J Inc.'s Motion in Limine to Preclude Plaintiffs' Medical Expert, Dr. Allain Girouard, From Testifying at Trial Regarding the Newly-Formulated and Untimely-Furnished Opinions set forth in his August 27, 2007 Report which Violates Rule 26(a)(2)(B), filed on September 21, 2007 (Doc. # 121) is **DENIED**.

(3) If Plaintiffs desire to maintain Dr. Girouard as an expert witness, Plaintiffs shall furnish to Defendant an amended expert report in full compliance with Fed.R.Civ.P. 26(a)(2)(B) within eleven days from the date of this Order. After Defendant receives Dr. Girouard's amended expert report, Defendant may re-depose Dr. Girouard prior to the trial.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 9th day of October, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record