UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Lise St. Cyr and Jacques St. Cyr,

                              Plaintiffs,

v.                                    Case No.  3:06-cv-13-J-33TEM

Flying J Inc.,
                    Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant Flying J Inc.'s Motion in Limine # 5 to Preclude Plaintiff from Arguing that Dispensing Propane is an Ultrahazardous Activity (Doc. # 86), filed on August 27, 2007.  Plaintiffs filed a Response in Opposition to Defendant's Motion in Limine (Doc. # 111) on September 10, 2007.  On September 27, 2007, Defendant filed a reply to Plaintiffs' response in opposition to Defendant's motion in limine. (Doc. # 137.)  For the reasons that follow, this Court grants Defendant's Motion in Limine.

I.   **Background**

Lise and Jacques St. Cyr are citizens of Quebec, Canada. (Doc. # 29.)  In November 2003, while in Florida, the St. Cyrs visited a Flying J service station in St. Augustine, Florida to refill propane in their van.  Id.  The St. Cyrs contend that the Flying J negligently failed to dispense propane properly and that as a result, an explosion occurred resulting in (1) damage to the St. Cyrs' van; and (2) personal injury to Lise St. Cyr.  Id.  It is

uncontested that the St. Cyrs drove the van back to Quebec in April of 2004 and, approximately one month thereafter, sold the van to a junkyard for scraps. (Doc. # 40 at 7.)

On February 8, 2005, the St. Cyrs filed their Complaint against Flying J in state court, and on January 5, 2006, Flying J removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. # 1.)   On April 18, 2006, Plaintiffs filed an amended complaint (Doc. # 14) including nine counts (Counts I and II for negligence; Counts III and IV for strict liability; Counts V and VI for res ipsa loquiter; Counts VII and VIII for negligence per se; and Count IX for loss of consortium.)  On April 27, 2006, Defendant filed a motion to dismiss Counts III, IV, VII, and VIII, citing the Second Restatement of Torts and other persuasive authorities. (Doc. # 16.)   On July 32, 2006, after due consideration, this Court granted Defendant's motion to dismiss. (Doc. # 25.)

In dismissing Plaintiffs' strict liability claims, this Court ruled: "After reviewing the factors of the Restatement of the Law of Torts § 520, the allegations in Plaintiffs' Amended Complaint, as a matter of law, do not rise to the level of ultra hazardous or abnormally dangerous to warrant strict liability." (Doc. # 25 at 9.)   This Court's Order of July 31, 2006, however, granted Plaintiffs leave to add strict liability counts for Defendant's alleged failure to provide an adequate warning. (Doc. # 25 at 10.)

The St. Cyrs filed their second amended complaint on August 24, 2006, alleging negligence (Counts I and II); strict liability (Counts III and IV); res ipsa loquitor (Counts V and VI); and, loss of consortium (Count VII).  (Doc. # 29 at 1-7.)

Plaintiffs' two strict liability counts, found in the second amended complaint, follow:

**Count III: Strict Liability**
16. Plaintiff re-alleges paragraphs 1-15 as though set forth herein.
17. Defendant Flying J is engaged in the business of selling Propane.
18. Propane is an inherently dangerous commodity.
19. Defendant Flying J sold propane in a defective manner and condition unreasonably dangerous to the plaintiff and the plaintiff's property.
20. Defendant's dispensing agent/employee was not trained in dispensing propane in violation of Florida Statutes, Chapter 527, thereby creating an excessive and unreasonable danger to plaintiffs, who were not made aware of such factors.
21. Furthermore, the employee/agent of defendant who dispensed the propane did not have any documentation indicating proof of training, in violation of Florida Administrative Code 5F-11, as adopted by and through the Florida Department of Agriculture and Consumer Services, under Florida Statutes, Chapter 527.
22. Defendant also never provided any Notice, warning, or sign whatsoever advising potential consumers and customers, including plaintiff, of the legal uses, dangers, hazards of propane, or any risks involved in the handling of propane, including, but not limited to its flammability or explosive nature.
23. The actual propane gas, itself, sold by Flying J was delivered to the plaintiff without substantial change in the condition in which it was sold.
24. The failure of defendant to provide adequate notice, coupled with all of the allegations made herein, has resulted in the creation of an unreasonable risk of harm to the plaintiffs, thereby giving rise to Strict Liability.

25.  As a result of the actions set forth herein, the plaintiff has suffered physical injury, resulting in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

**Count IV: Strict Liability**

26.  Plaintiff re-alleges paragraph 1-25 as though set forth herein.

27.  Defendant Flying J is engaged in the business of selling Propane.

28.  Propane is an inherently dangerous commodity.

29.  Defendant Flying J sold propane in a defective manner and condition unreasonably dangerous to the plaintiff and plaintiff's property.

30.  Defendant's dispensing agent/employee was not trained in dispensing propane in violation of Florida Statutes, Chapter 527, thereby creating an excessive and unreasonable danger to plaintiffs, who were not made aware of such factors.

31.  Furthermore, the employee/agent of defendant who dispensed propane did not have any documentation indicating proof of training in violation of Florida Administrative Code 5F-11, as adopted by and through Florida Department of Agriculture and Consumer Services, under Florida Statutes, Chapter 527.

32.  Defendant also never provided any Notice, warning, or signs whatsoever advising consumers and customers, including plaintiff, of the legal uses, dangers and hazards of propane, including but not limited to its flammability or explosive nature.

33.  The actual propane, itself, sold by Flying J was delivered to the plaintiff without substantial change in the condition in which it was sold.

34.  The failure of defendant to provide adequate notice, coupled with all of the allegations made herein, has resulted in the creation of an unreasonable risk of harm to the plaintiffs, thereby giving rise to Strict Liability.

35.  As a result of the actions set forth herein, an explosion occurred resulting in plaintiff suffering damages and losses to his vehicle/camper.

(Doc. # 29 at ¶ 16-35)

## II. <u>Legal Standard</u>

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. <u>United States v. McLean</u>, 138 F.3d 1398, 1403 (11th Cir. 1998); <u>see also</u> <u>United States v. Jernigan</u>, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.")

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment. <u>Tran v. Toyota Motor Corp.</u>, 420 F.3d 1310, 1315 (11th Cir. 2005)(citations omitted). Further, the Eleventh Circuit has pronounced: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her] broad discretion and that the decision affected the substantial rights of the complaining party." <u>Wood v. Morbark Indus., Inc.</u>, 70 F.3d 1201, 1206 (11th Cir. 1995).

III. **<u>Defendant's Arguments</u>**

Defendant asserts that Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses should be prohibited from offering statements, references, testimony or other evidence regarding propane as an ultrahazardous activity or other similar remarks. (Doc. # 86 at 1.)

Defendant correctly reiterates that this Court's July 31, 2006 Order (Doc. # 25) dismissed Plaintiffs' strict liability counts that asserted that dispensing propane is an abnormally dangerous or ultra-hazardous activity warranting the imposition of strict liability in this case. Defendant anticipates that "Plaintiffs will not confine themselves to evidence and argument pertaining only to a failure to warn theory of strict liability [and] that Plaintiffs will . . . try to taint and prejudice the jury with arguments and assertions that the Defendant engaged in ultrahazardous or abnormally dangerous activity exposing it to strict liability." (Doc. # 137 at 3).

IV. **<u>Plaintiffs' Arguments</u>**

Plaintiffs state that they are "fully cognizant of this Honorable Court's prior order concerning the two theories of strict liability, and that the court has indicated that the dispensing of propane, alone, cannot be characterized as an 'ultra-hazardous activity. Nevertheless, the court preserved plaintiffs' complaint, as amended, with regard to its claim of strict liability based on

product defect, when it comes to the absence of the necessary and appropriate warnings." (Doc. # 111 at 2-3.)

Plaintiffs further assert that "Defendant is essentially now seeking, inappropriately by and through this 'Motion in Limine,' a 'summary judgment' through the back door in violation of the case management order and the Federal Rules of Civil Procedure." (Doc. # 111 at 4.)[1]

## V.   **Analysis**

This Court's Order of July 31, 2006 (Doc. # 25) provides the solutions to all issues raised in the present motion in limine. This Court's July 31, 2006 Order mandates that dispensing propane is not an inherently dangerous or ultra-hazardous activity giving rise to strict liability.  Plaintiffs are thus barred from stating to the jury that propane dispensing is inherently dangerous or ultra-hazardous and that dispensing propane invokes strict liability.

---

[1] Plaintiffs' response also seeks an order of this Court "allow[ing] Plaintiff[s] to amend [the] pretrial stipulations to substitute "abnormally dangerous activity" to "ultra-hazardous activity."  However, as Plaintiffs' response was filed in advance of Plaintiffs' amended pretrial stipulation, Plaintiffs' request to amend the pretrial stipulation is moot.  It appears that Plaintiffs did not substitute "ultra-hazardous" for "abnormally dangerous" in its description of Defendant's activities as stated in the pretrial stipulation; however, Plaintiffs had the option to reword the pretrial statement and did not do so.

Plaintiffs are; however, entitled to communicate to the jury that Defendant's failure to warn Plaintiffs about the dangers of propane is a ground for the imposition of strict liability.

Plaintiffs may not argue to the jury that strict liability is proper based on Defendant's alleged failure to properly train its attendant.  This Court's July 31, 2006 Order addressed this issue by stating: "Plaintiffs' allegation that Defendant's agent/employee was untrained, attacks the method and manner in which Defendant dispensed propane, not the defective condition or design of the propane itself.  Thus, in this case, the ignite of propane at Defendant's filling station does not suggest some sort of defect in the propane itself.  The Court finds Restatement 402A inapplicable in the present situation." (Doc. # 25 at 11.)

This Court does not intend to bar evidence which may show that Defendant failed to train its employees. Plaintiffs' accusations regarding Defendant's failure to train its employees are relevant to Plaintiffs' negligence claims, and are simply not an avenue to strict liability.

Accordingly, to the extent Defendant's motion seeks to limit Plaintiffs' strict liability statements at trial, such motion is granted.  Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

Defendant Flying J Inc.'s Motion in Limine # 5 to Preclude Plaintiff from Arguing that Dispensing Propane is an Ultrahazardous

Activity (Doc. # 86) is **GRANTED** to the extent that Plaintiffs, their counsel, and witnesses are prohibited from commenting (1) that dispensing propane is an abnormally dangerous or ultra-hazardous activity warranting the imposition of strict liability and (2) that Defendant's alleged failure to train its employee/agent/attendant rendered Defendant's propane abnormally dangerous or ultra-hazardous warranting the imposition of strict liability.

   **DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 2nd day of November, 2007.

                              VIRGINIA M. HERNANDEZ COVINGTON
                              UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record