```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
              JACKSONVILLE DIVISION
```

LISE ST. CYR and JACQUES ST. CYR,

                Plaintiffs,

vs.                               Case No.  3:06-cv-13-J-33TEM

FLYING J, INC.,

                Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs' Motion in Limine Preventing Defendant from Mentioning or Entering into Evidence Plaintiffs' Work Product Correspondences to his Expert (Doc. # 156), which was filed on October 17, 2007. Defendant filed a response in opposition to the motion on October 26, 2007. (Doc. # 159). For the reasons that follow, the motion is denied.

**A.**    **Background**

In May 2007, Defendant served Plaintiffs with a notice of taking deposition duces tecum indicating that Defendant would depose Plaintiffs' expert, Patrick M. Kennedy, on June 12, 2007. (Doc. # 159-2). Attached to the notice was a list of items, "Schedule A" that Defendant requested Mr. Kennedy bring to the deposition, including, but not limited to, "A copy of any and all written correspondence either directed to you from plaintiff or plaintiff's counsel or written by you to plaintiff or plaintiff's counsel." (Doc. # 159-2). According to Defendant, Plaintiffs did not serve Defendant with any written objections to any of the items

requested in Schedule A to Defendant's notice of taking deposition duces tecum "despite having over five weeks to do so." (Doc. # 159 at 1).  Mr. Kennedy was deposed on June 11, 2007, and during the deposition, Mr. Kennedy furnished to counsel for Defendant two items that are the subject of Plaintiffs' present motion in limine. Mr. Kennedy produced a four-page letter dated December 21, 2006, authored by Plaintiffs' counsel, and addressed to Mr. Kennedy (Doc. # 156-2).[1]  Also, Mr. Kennedy furnished to Defendant's counsel a February 20, 2007, e-mail communication authored by Plaintiffs' counsel and addressed to Mr. Kennedy (Doc. # 156-3).[2]

Plaintiffs contend that the letter and the e-mail described above (hereafter, the "Communications") discuss the mental impressions of an attorney, were prepared in anticipation of trial,

---

[1] The letter notes that Mr. Kennedy "will receive a retainer of $2,500" and describes the investigation of the incident and Plaintiffs' counsel's impressions of the case. (Doc. # 156-2 at 1). Notably, Plaintiffs' counsel indicates in the letter to Mr. Kennedy: "I have read through the various reports and the transcript of the deposition, but I do not believe they provide any plausible explanation for what happened.  I also have a hard time reconciling them with the descriptions made by my client. Unfortunately, we have not yet been able to locate or obtain statements from those employees actually involved in the occurrence." (Doc. # 156-2 at 2).  The letter also poses a number of questions to Mr. Kennedy, such as "If the hose was on, and spewing out fire, would that be a reason why the hose did not sustain further damage?" (Doc. # 156-2 at 3).

[2] In the e-mail communication, counsel for Plaintiffs indicates to Mr. Kennedy that counsel is in the process of preparing a response to Defendant's motion for summary judgment, and the e-mail requests that Mr. Kennedy assist by reviewing an affidavit. (Doc. # 156-3).

and are thus privileged and protected against disclosure under the work product doctrine. (Doc. # 156). Plaintiffs also argue that Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure requires Defendant to return the Communications to Plaintiffs and to refrain from using the Communications in anyway.

Defendant, on the other hand, asserts that Plaintiffs' counsel waived any privilege or protection against disclosure of the Communications when (1) Plaintiffs' counsel failed to specifically object to the disclosure, and (2) Mr. Kennedy tendered the Communications to Defendant's counsel.[3] Further, Defendant contends, "Rule 26(b)(5)(B) simply was not designed to apply to situations where, as here, a party voluntarily produces and releases alleged work-product documents and later has second thoughts." (Doc. # 159 at 4). Defendant has attached an excerpt of Mr. Kennedy's deposition regarding the Communications in question, which follows:

> Mr. Comras:    Yeah. I'm just going to state an objection to my letters to Mr. Kennedy and my e-mail.
> Mr. Knight:    Okay.
> Mr. Comras:    But go ahead and–
> The Deponent:  Are we to copy?
> Mr. Knight:    Yes.
> The Deponent:  I'm asking him, he's the client.
> Mr. Comras:    Make a copy, but I'm going to make an objection.
> Mr. Knight:    Before we get into it evidence, he can raise an objection.

---

[3] Defendant does not contend that the Communications are not work product. Thus, the Court need not decide that question.

(Doc. # 159-3).[4] This Court will address the parties' contentions in turn.

**B. <u>Analysis</u>**

    **1. <u>Work Product Doctrine</u>**

The work product doctrine is ever evolving, and a plethora of cases discuss the contours of the doctrine. Recently, the Federal Rules of Civil Procedure pertaining to the work product doctrine were amended. Nevertheless, this Court will begin its analysis with the historically significant case of <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947), in which the Court defined the work product doctrine and explained its importance:

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless and other tangible and intangible ways–aptly though roughly termed . . . 'the work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts,

---

    [4] Mr. Comras is counsel for Plaintiffs, and Mr. Knight is counsel for Defendant.

> heretofore, inviolate, would need to be his own. Inefficiency, unfairness, and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

Hickman, 329 U.S. at 510-511.

As stated in FDIC v. Cherry, Bekaert & Holland, 131 F.R.D. 596 (M.D. Fla. 1990), "The work product doctrine protects from disclosure materials prepared in anticipation of litigation by or for a party or that party's attorney acting for his client." Id. at 600 (citing In re Grand Jury Proceedings, 601 F.2d 162, 171 (5th Cir. 1979)). The Federal Rules of Civil Procedure specifically recognize the need to protect an attorney's work product, and provide: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). Furthermore, Federal Rule of Civil Procedure 26(b)(5) entitled "Claiming Privilege or Protecting Trial Materials" contains the following guidance for attorneys with respect to the work product doctrine:

> (A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (I) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing

> information itself privileged or protected, will enable other parties to assess the claim.
> (B) Information Produced. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(A)-(B).

Thus, the Federal Rules of Civil Procedure provide guidance for asserting the work product doctrine with respect to documents prior to the disclosure of such documents and after the disclosure of such documents. The provision for claiming that a document is protected by the work product doctrine after the disclosure of the document, Rule 26(b)(5)(B), was added in 2006, and few courts have had the occasion to comment on the application of the Rule. This Court finds instructive the following detailed comments contained within the Advisory Committee Notes which address the 2006 addition of Rule 26(b)(5)(B):

> The Committee has repeatedly been advised that the risk of privilege waiver, and the work necessary to avoid it, add to the costs and delay of discovery. When the review is of electronically stored information, the risk of waiver, and the time and effort required to avoid it, can increase substantially because of the volume of electronically stored information and the difficulty in ensuring that all information to be produced has in fact

been reviewed. Rule 26(b)(5)(A) provides a procedure for a party that has withheld information on the basis of privilege or protection as trial-preparation material to make the claim so that the requesting party can decide whether to contest the claim and the court can resolve the dispute. Rule 26(b)(5)(B) is added to provide a procedure for a party to assert a claim of privilege or trial-preparation material protection after information is produced in discovery in the action and, if the claim is contested, permit any party that received the information to present the matter to the court for resolution. Rule 26(b)(5)(B) does not address whether the privilege or protection that is asserted after production was waived by the production. The courts have developed principles to determine whether, and under what circumstances, waiver results from inadvertent production of privileged or protected information. Rule 26(b)(5)(B) provides a procedure for presenting and addressing these issues. Rule 26(b)(5)(B) works in tandem with Rule 26(f), which is amended to direct the parties to discuss privilege issues in preparing their discovery plan, and which, with amended Rule 16(b), allows the parties to ask the court to include in an order any agreements the parties reach regarding issues of privilege or trial-preparation material protection. Agreements reached under Rule 26(f)(4) and orders including such agreements entered under Rule 16(b)(6) may be considered when a court determines whether a waiver has occurred. Such agreements and orders ordinarily control if they adopt procedures different from those in Rule 26(b)(5)(B).
A party asserting a claim of privilege or protection after production must give notice to the receiving party. That notice should be in writing unless the circumstances preclude it. Such circumstances could include the assertion of the claim during a deposition. The notice should be as specific as possible in identifying the information and stating the basis for the claim. Because the receiving party must decide whether to challenge the claim and may sequester the information and submit it to the court for a ruling on whether the claimed privilege or protection applies and whether it has been waived, the notice should be sufficiently detailed so as to enable the receiving party and the court to understand the basis for the claim and to determine whether waiver has occurred. Courts will continue to examine whether a claim of privilege or protection was made at a reasonable time when delay is part of the waiver determination under the governing law.

> After receiving notice, each party that received the information must promptly return, sequester, or destroy the information and any copies it has. The option of sequestering or destroying the information is included in part because the receiving party may have incorporated the information in protected trial-preparation materials. No receiving party may use or disclose the information pending resolution of the privilege claim. The receiving party may present to the court the questions whether the information is privileged or protected as trial-preparation material, and whether the privilege or protection has been waived. If it does so, it must provide the court with the grounds for the privilege or protection specified in the producing party's notice, and serve all parties. In presenting the question, the party may use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility. If a party disclosed the information to nonparties before receiving notice of a claim of privilege or protection as trial-preparation material, it must take reasonable steps to retrieve the information and to return it, sequester it until the claim is resolved, or destroy it.
> Whether the information is returned or not, the producing party must preserve the information pending the court's ruling on whether the claim of privilege or of protection is properly asserted and whether it was waived. As with claims made under Rule 26(b)(5)(A), there may be no ruling if the other parties do not contest the claim.

Fed. R. Civ. P. 26(b)(5)(B) advisory committee's note.

This Court finds that Rule 26(b)(5)(B) applies to the instant dispute, despite Defendant's argument that Rule 26(b)(5)(A) applies only within the context of electronically stored documents. See 6-26 James Wm. Moore et al., Moore's Federal Practice ¶ 26.91 (2007) "Although promulgated in response to concerns about electronically stored information, there is nothing in the rule to suggest that its application is limited to electronically stored information. Thus, the claim of privilege or trial-preparation materials may be

made for previously produced paper documents as well." However, Rule 26(b)(5)(B) provides only a starting point for this Court's analysis: "Rule 26(b)(5)(B) does not address the issue of whether the privilege or protection is waived by the production of the material. It merely provides a procedure for presenting and addressing these issues." Id.  Furthermore, "If a claim of privilege or protection is challenged by the receiving party, the court still must apply developed principles to determine whether, and to what extent waiver resulted from the production of the privileged or protected information." Id. As such, this Court will address whether the voluntary disclosure of the Communications to opposing counsel constituted a wavier by Plaintiffs' counsel in this case.

   **2.   <u>Waiver</u>**

The work product privilege is not absolute and, thus, may be waived. <u>United States v. Nobles</u>, 422 U.S. 225, 239 (1975). The Court in <u>Nobles</u> instructed, "What constitutes a waiver with respect to work-product materials depends, of course, upon the circumstances." <u>Id.</u> Thus, this Court must evaluate waiver on a fact-specific, case-by-case basis. In this case, Plaintiffs' counsel received Defendant's request for documents from Plaintiffs' expert, Mr. Kennedy. Plaintiffs' counsel did not file or otherwise lodge a written objection to the request for documents. During the deposition, and with Plaintiffs' counsel's knowledge and

permission, Mr. Kennedy furnished the Communications to defense counsel. Plaintiffs' counsel generally objected, but failed to specifically note that the Correspondences were protected by the work product doctrine. Over four months after the production of the Communications, Plaintiffs filed the present motion to bar Defendant from utilizing the Communications and to reestablish the confidential nature of the Communications. Ironically, Plaintiffs' counsel attached the allegedly confidential Communications to the present motion and filed the same in the public records (as opposed to in camera, as provided for by Rule 26(b)(5)(B)) for all the world to view. If the Communications were confidential prior to being filed on the web, such confidentiality has by now unquestionably been breached.

This Court's independent research regarding waiver by voluntary production, as opposed to inadvertent production, leads to the inescapable conclusion that Plaintiffs' counsel waived the work product privilege by permitting Mr. Kennedy to disclose the Communications to opposing counsel.[5]

---

[5] The facts of this case, in which counsel for Plaintiffs directly authorized the disclosure of the Communications to the adversary, do not require an analysis of the law of inadvertent disclosure of privileged documents. However, were this Court to apply the multi-factor approach for evaluating waiver due to inadvertent disclosure, as described in Ray v. Cutter Laboratories, 746 F. Supp. 86, 88 (M.D. Fla. 1990), requiring consideration of "(1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the
(continued...)

In <u>United States v. AT&T</u>, 642 F.2d 1285 (5th Cir. 1980), the court determined that the purpose of the work product doctrine is "to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of the opponent." <u>Id.</u> at 1299.[6]  The Fifth Circuit addressed the related "common interest" doctrine in <u>AT&T</u> and generally determined that voluntary disclosure of an attorney's work product to a third party with a common interest against disclosure of the work product to the opponent would not necessarily lead to waiver, because the goal of the work-product doctrine "is to protect material from an opposing party in litigation, not necessarily from the rest of the world generally." 642 F.2d at 1299.[7]

---

[5](...continued)
overriding issue of fairness," this Court would arrive at the same conclusion: that waiver has occurred.

[6]  "The decisions of the United States Court of Appeals for the Fifth Circuit . . . as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date shall be binding precedent in the Eleventh Circuit." <u>Bonner v. Prichard</u>, 611 F.2d 1206 (11th Cir. 1981).

[7]  The court further explained, "'Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.' A disclosure made in the pursuit of such trial preparation, and not inconsistent with maintaining secrecy against opponents, should be allowed without waiver of the privilege." <u>AT&T</u>, 642 F.2d 1299 (citing <u>Hickman</u>, 329 U.S. at 511).  In the present case, however, the Communications were furnished to the opponent.

-11-

Particularly relevant to the instant case, the court in AT&T determined that "waiver would occur . . . only if the disclosure substantially increases the possibility of an opposing party obtaining the information." Id. (internal citations omitted). It follows that voluntary disclosure of a work product document into the hands of the adversary results in waiver of the privilege. See Application to Enforce Admin. Subpoenas of SEC v. Coopers & Lybrand, 98 F.R.D. 414, 416 (S.D. Fla. 1982)("The disclosure of the asserted confidential communication to Coopers & Lybrand was a 'voluntary disclosure by the holder and thus waived the privilege.'")(citing AT&T, 642 F.2d at 1299); See also USW v. Ivaco, Inc., 1:01-cv-426, 2003 U.S. Dist. LEXIS 10008, at *16 (N.D. Ga. 2003)("Voluntary disclosure to an adversary waives the protection of the attorney work-product doctrine as to the items disclosed."); In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993)("Once a party allows an adversary to share the otherwise privileged thought process of counsel, the need for the privilege disappears. . . . . The waiver doctrine provides that voluntary disclosure of work product to an adversary waives the privilege as to other parties."); In re Chrysler Motors Corp. Overnight Evaluation Program Litig., 860 F.2d 844, 846 (8th Cir. 1998)("Disclosure to an adversary waives the work product protection as to items actually disclosed, even where disclosure occurs in settlement. . . . Confidentiality is the dispositive

factor in deciding whether material is privileged. . . . Chrysler fail[ed] to keep the [item] confidential."); Montgomery County v. Microvote Corp., 175 F.3d 296, 304 (3d Cir. 1999)("voluntary disclosure to one's adversary of documents protected by the work-product privilege waives the privilege.").

In this case, it appears that counsel for Plaintiffs knew that the Communications in question constituted work product documents. He objected to the production of the Communications, yet failed to specifically state the basis for the objection: work product. Plaintiffs assert that Plaintiffs' counsel's above-noted objection to the production of the Communications during Mr. Kennedy's deposition was adequate to protect against introduction of the Communications by Defendant at trial.[8]  This Court agrees that the Communications constitute Plaintiffs' counsel's work product, however, the Court determines that the privilege was waived due to Plaintiffs' counsel's voluntary disclosure of the same during Mr. Kennedy's deposition.

This Court agrees with Defendant's assertion that the Communications "were undeniably voluntarily and intentionally produced to defense counsel during Mr. Kennedy's deposition over

---

[8] At this point, Plaintiffs have not asserted other grounds for excluding the substance of the Communications, such as that the Communications are irrelevant or that the documents are unduly prejudicial.  See Fed. R. Evid. 801, 403.

four months ago" and thus, "[a]ny work produce privilege and protection was therefore abandoned and waived." (Doc. # 159 at 2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion in Limine Preventing Defendant from Mentioning or Entering into Evidence Plaintiffs' Work Product Correspondences to his Expert (Doc. # 156) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>16th</u> day of May, 2008.

copies to:
All counsel of record

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE